## METTS v. PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY.

### PATTERSON v. SAME.

1. There are but two recognized modes of assailing an attachment: 1st, by motion for irregularity appearing on the face of the proceedings, or because improvidently issued; and 2d, by bond to the sheriff for the payment of the debt, thereby releasing the property.
2. A third party has no right to intervene and move to set aside an attachment upon the ground that the attached lands belong to him and not to the defendant. Title to land cannot be so summarily tried.
3. Nor will the court permit such a proceeding even by consent of parties.

Before MACKEY, J., Charleston, April, 1881.

The attachments in these cases, Sarah C. Metts against the defendant corporation, and S. L. Patterson and E. L. Patterson against the same defendant, were levied in January, 1881. The deed of assignment to Angus R. Blakey was dated November 30, 1880, and recorded in the three counties named within fifteen days thereafter. Blakey's notice of motion was served

February 23, 1881.   Other matters are stated in the opinion. The three motions were heard together by Judge Mackey, who " ordered, adjudged, and decreed that the attachments in the above causes be discharged and dissolved, and that the defendant, Blakey, have judgment for his costs in the above causes." The plaintiffs appealed upon five exceptions, none of which were considered by the court.

Messrs. *Brawley & Barnwell, Simonton & Barker*, for appellants.

Messrs. *Pope & Haskell, Rutledge & Young*, for the assignee.

July 11, 1882.   The opinion of the court was delivered by

Mr. Chief Justice Simpson.   The plaintiffs in the above causes levied attachments on certain real estate lying in this state in the counties of Aiken, Barnwell, and Edgefield, as the property of the Piedmont and Arlington Life Insurance Company, a corporation under the laws of Virginia.

Previous to the issue of these attachments, this corporation being insolvent had executed in Virginia a deed of assignment to Angus R. Blakey in trust for its creditors, in which were included these lands, which deed was duly recorded in the several counties where the lands were located.   It appeared further, that subsequently to this assignment and previous to the attachments, to wit, December 24, 1880, in a proceeding in the Circuit Court of the United States for the eastern district of Virginia, instituted to set aside this deed as fraudulent, a receiver had been appointed, and the company and Blakey ordered to deliver all of its property of every kind to this receiver.

Under this state of facts Blakey after notice intervened in these actions, and moved to vacate the attachments on the ground that the property attached was his, and not that of the defendant corporation.   No objection was interposed as to the manner of Blakey's appearance in the case, nor do the plaintiffs object now.   On the contrary, it is expressly stated in the brief that all objection in that respect is waived, as the parties

desire the case to turn upon its merits. The motion of Blakey was resisted below upon the ground that the deed under which he claimed was fraudulent and void, and as evidence of this fact the plaintiffs relied, *first*, on the fact that certain creditors of the company in this state had instituted proceedings in the county of Aiken to vacate the deed for fraud, which proceeding was still pending; and *secondly*, upon the terms of the deed itself. The Circuit judge ordered the attachments dissolved, and that Blakey have judgment for his costs. The appeal presents the single question whether under the circumstances stated the attachments should have been dissolved. The decision of this question in our opinion does not involve the validity of the deed to Blakey, whether fraudulent or not, and we do not deem it proper, therefore, to pass upon that matter.

There are but two recognized modes of assailing an attachment. One is by motion on account of some irregularity appearing on the face of the proceedings, or because it has been improvidently issued, the allegations upon which it issued being false. The other is by giving bond to the sheriff to pay the debt, thereby releasing the property. These are the only modes of dissolving attachments known to the law, applicable to such proceedings. Blakey has not resorted to either of these, but relies solely upon the ground that the property in question is his. Mr. Drake, the highest authority on attachment proceedings, says that the defendant debtor cannot move to discharge an attachment on the ground that the property attached did not belong to him. *Drake Attach.*, § 417; *Langdon* v. *Conklin*, 10 *Ohio St.* 439. There is no greater reason why a third party should have this privilege. Mr. Drake says further (Sec. 234): "Another established principle affects with peculiar fitness attachments of real estate—that the attachment can operate only upon the rights of the defendant existing when it is made. If prior to the attachment he had sold and conveyed the land in good faith, it cannot be held for the debt of the vendor. 23 *Ill.* 422. Nor, on the other hand, can any interest which the defendant subsequently acquires be reached by it."

The attachment can operate only on the interest of the debtor. It cannot divest any lien, incumbrance, or title of a third party, or affect his interest in any way. If the debtor has no interest, the proceeding is futile and its results will be fruitless. The creditor levies on the property of persons other than the debtor, at his peril. But this fact affords no ground, as far as we have been able to find, for the dissolution of the attachment. The attachment is based upon facts disconnected with the property, and it must stand or fall upon these facts. If Blakey's rights have been interfered with, he has his remedy, and the courts will afford him full protection through some proceeding more appropriate than the one he has adopted. His motion involves the title to real property, which ordinarily should be determined by a jury. We have held in a recent case, *Copeland* v. *Piedmont and Arlington Life Insurance Company* (*ante*, p. 116), that a third party cannot intervene in an attachment proceeding and have title to land tried in this summary way.

It is true that the appellants have waived the point of Blakey's right to appear, but we do not understand that they consented that he shall invoke a remedy for which there is no precedent for the courts to afford. But even if the plaintiffs have consented to this, it is best that uniformity and system should be observed in the administration of the law, and to that end that well-established rules should not be departed from, even where the parties consent. Consent cannot give jurisdiction.

It is the judgment of this court that the judgment of the Circuit Court be reversed.